# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEONARD WAYNE WESSON,

        Defendant-Appellant.

UNPUBLISHED
August 2, 2016

No. 326389
Wayne Circuit Court
LC No. 14-003866-FH

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

RIORDAN, J. (*dissenting*).

I respectfully dissent. I would affirm defendant's conviction for larceny from a person.

Michigan's larceny from a person statute, MCL 750.357, provides, in part, that stealing "from the person of another" will constitute larceny from the person, and an offender is eligible for up to ten years of imprisonment. Our Supreme Court, in *People v Smith-Anthony*, 494 Mich 669, 680; 817 NW2d 415 (2013), held that for larceny from a person to occur, the action must take place within the immediate presence of a person. Immediate presence is "satisfied when the defendant takes property that is in the physical possession of a victim or property that is in immediate proximity to a victim when the taking occurs." *Id*. at 692-693. Defendant argues, and the majority agrees, that there is insufficient evidence to support a conviction of larceny from a person because "the [money] clip was not in the [victim's] immediate presence when there was a second man intervening in the space between [defendant] and [the victim]."

While a third party may have stood near defendant and the victim at the time of the taking, that circumstance does not negate the fact that the victim's money clip was within inches of the victim when defendant stole it. Rather than focusing on the location of the stolen property relative to the victim, the majority focuses solely on the fact that a third person was present at the time the crime occurred and deems this person's presence equivalent to an intervening object. See *Smith-Anthony*, 494 Mich at 688 ("[T]he immediate presence test can only be satisfied if the property was in immediate proximity to the victim at the time of the taking. . . . [T]he common-law meaning of 'immediate presence' in the larceny-from-the-person context is consistent with the plain meaning of the word 'immediate,' which means 'having no object or space intervening, nearest or next.' "). The mere fact that a third person was present does not abrogate the money clip's immediate proximity to the victim. See also *State v Washington*, 308 NW2d 422, 423 (Iowa 1981) (holding that the crime first-degree theft, based on "theft from the person," constitutes a threat to both the property taken and the person from which the property is taken).

-1-

In *Smith-Anthony*, 494 Mich at 673-674, the defendant stole an item from a display case inside a Macy's department store. Although the defendant was close enough to the store's loss-prevention officer, who was deemed the victim of the larceny from a person, that the officer could observe the defendant, and the defendant was, at times, within "earshot," the Court found that "ample 'intervening space,' " consisting of a distance of at least several feet, separated the stolen goods in a display case from the officer at the time of the taking. *Id*. at 689. The Supreme Court also noted the common-law doctrine under which "courts treated the taking of merchandise off a shelf or rack as a larceny from a building, not larceny from a person." *Id*. at 690. Instead, under that doctrine, "[s]uch takings were considered larcenies from a person only if an employee had been exercising direct control over the specific property at the time of the taking." *Id*. Further, the Court specifically noted that the loss-prevention officer, despite her duty to prevent theft at the store, never took possession of the merchandise before the defendant took it, meaning that she never exercised dominion over the item and it "remained under the 'protection' of the store." *Id*. at 691.

Thus, contrary to the majority's characterization of the Court's holding in *Smith-Anthony*, the Supreme Court did not establish a bright-line rule that the presence of a third person negates a conviction of larceny from a person when the theft occurs at the foot of the victim. In the case before us, as the video evidence shows, defendant took the victim's property within mere inches of the victim's feet, thus creating a high likelihood of a physical confrontation if the victim had known of defendant's actions. It appears as though the victim, with little effort, could have stepped on defendant's hand as he grabbed the money clip before sauntering away. Although I recognize that the majority in *Smith-Anthony* expressly rejected the test advocated by the dissent, which focused on whether the taking " 'triggers a substantial risk that a violent altercation will occur,' " *id*. at 691-691 (citation omitted), I believe that the significant potential for a physical confrontation in this case reveals the exceedingly close proximity of the money clip to the victim and further supports my conclusion that the property actually was in the victim's "immediate presence."

In sum, the circumstances of this case are distinct from those in *Smith-Anthony*, where considerable space separated the defendant and the victim. Here, the fact that the money clip was only inches away from the victim dramatically increased the potential for a physical confrontation, which could have threatened the victim's person. Given these facts, it is clear that the money clip was in the victim's "immediate presence." Accordingly, unlike the majority's bright-line portrayal of the Supreme Court's test in *Smith-Anthony*, defendant's larceny from a person conviction should not be negated by the fact that a third person also was immediately present at the scene of the criminal act.

I would affirm.

/s/ Michael J. Riordan

-2-